IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                              No. CR 06-1828 WJ

JULIO CESAR MEDINA,

                Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR BAIL REVIEW AND RELEASE**

THIS MATTER is before the Court on Defendant Julio Cesar Medina's ("Medina") Motion for Bail Review [Doc. 135]. The United States of America filed its response in opposition [Doc. 136]. No reply was filed.

The Court has judicially noticed its own records. Fed. R. Evid. 201(c); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)(a court may take judicial notice of its own records whether it is asked to or not). In taking judicial notice, the Court considered the Indictment and the earlier findings issued at the detention hearing. The Court also reviewed and considered Probation/Pretrial Service's report and recommendation.

Medina was indicted on August 22, 2006, and charged with a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance. This drug-trafficking crime is governed by a presumption of detention under 18 U.S.C. § 3142.

Pursuant to 18 U.S.C. § 3142(e), known as the "drug-and-firearm-offender" provision, it is presumed that no conditions of release will reasonably ensure the defendant's appearance and the safety of the community where a judicial officer finds probable cause to believe that the defendant has committed certain enumerated offenses. One of the enumerated offenses is drug trafficking, where

the penalty is ten years' incarceration or more.  Medina is charged with a crime that comes within the presumption.

In this case, a Grand Jury returned an Indictment against Medina.  By virtue of the Indictment, a judicial officer need not make an independent finding of probable cause to invoke the drug-and-firearm-offender presumption.  United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991).  The Indictment itself establishes probable cause that Medina committed the offense and triggers the presumption that he poses a danger to the community and is a flight risk.

When the presumption is applicable, as it is here, the defendant bears the burden of production of evidence demonstrating the existence of conditions under which he can safely be released without significant risk of flight or risk of harm to the community.

At the initial detention hearing conducted in this case, the Court found that the presumption was applicable and had not been overcome.  Specifically, the Court considered that Medina, though young in years, had amassed a fairly significant juvenile record.  The charges against him included, among other things, larceny, conspiracy, receipt of stolen property, possession of alcohol, possession of marijuana, aggravated battery, unlawfully carrying a deadly weapon on school property, resisting/evading/obstructing an officer, and various driving offenses.

Medina failed to appear in court at various times and the Children's Court issued more than one warrant for his arrest.  Ultimately, consent decrees were entered and Medina was placed on probation.  However, due to violations of conditions of probation, his probation was first extended and then revoked.  He was ultimately placed in the custody of Children, Youth and Families Department for a period of a year, and paroled in February 2006.  The offenses in this case occurred between March 7, 2006 and August 15, 2006, during the time Medina was on parole for his juvenile offenses.

At the time of Medina's appearance for his detention hearing, the Court was apprised of the existence of an outstanding felony warrant in New Mexico's Metropolitan Court on a charge of receipt of a stolen vehicle.  The bail report prepared by the Court's Probation/Pretrial Service officer showed numerous failures to appear for court in response to court proceedings.  The Court's Pretrial officer recommended that Medina be detained.

The factors which the Court is required to consider under § 3142(g) in determining whether to initially release Medina included the following:

1.  The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involved a narcotic drug;

2.  the weight of the evidence against the person;

3.  the history and characteristics of the person, including–

(a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings;

(b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under federal, state or local law; and,

(c)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In considering these factors, the Court took into account the nature and circumstances of the offense and specifically noted that it involved a narcotic drug and, more specifically, an allegation of drug trafficking.  Congress regards this offense as dangerous.  "The legislative history of the statute [18 U.S.C. § 3142] indicates that Congress regards drug trafficking as a danger to the community."  Adair, David N., Jr., The Bail Reform Act of 1984 8 (3d ed. 2006), *citing* S. Rep. No. 98-225, at 12-13 (1983), *reprinted* in 1984 U.S.C.C.A.N. 3182, 3195-96.  *See* United States v. Williams, 753 F.2d 329, 335-38 (4th Cir. 1985)(district court erred in failing to take into account drug dealing as a danger to the community).

The Court was required to and did consider the weight of evidence against Medina.  A Grand Jury made a determination of probable cause to believe that Medina committed this offense.  Thus, there is more than a mere scintilla of evidence.  The Grand Jury's conclusion after hearing the government's evidence was that Medina more likely than not committed the crime.

The Court was also required to consider Medina's history and characteristics.  The Pretrial Services Report shows that Medina resided with his parents and, at the time of his arrest, was unemployed.  He had no assets or liabilities and his work history had been sporadic and significantly limited.  Medina did not discuss his drug or alcohol abuse, but his criminal history showed charges relating to both use and abuse of alcohol and drugs.

The Court was further required to consider Medina's record concerning prior appearances. The Pretrial Services Report showed at least five arrest warrants issued as a result of Medina's failure to appear in Children's Court at various times.  It showed four failures to appear for traffic-related matters, as well as two outstanding warrants--one for driving while intoxicated, and one felony offense of receipt of a stolen vehicle.

4

The Pretrial Services Report also showed evidence that Medina had used various personal identifiers and aliases.  He used different dates of birth and social security numbers.  For example, his arrest history is also carried under the name Hugo Cesar Rivera, with birth dates of 3-25-87 and 8-8-86.  Social security numbers ending in 2208 and 1287 have also been used by Medina.  The birth and social security numbers do not belong to Medina.

Finally, the Court is required to consider whether, at the time of his arrest, Medina was on probation, parole or other release.  As indicated, Medina was on State parole from February 23, 2006 until June 21, 2006 when he was unsatisfactorily discharged.  The applicable dates of the alleged criminal activity are between March 7, 2006 and August 15, 2006.  Medina was on conditions of parole at the time of the conduct charged by the Grand Jury.  Indeed, some of the acts occurred within two weeks of his being placed on parole.

For all these reasons, the Court found that Medina posed both a danger to the community and was a flight risk, and, therefore, ordered that he remain in custody.

The statute provides that a detention hearing "may be reopened before or after a determination by the judicial officer at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the [initial] hearing . . . ."  18 U.S.C. § 3142(f).

Section 3142(f) authorizes reopening the detention hearing when material information "that was not known to the movant at the time of the hearing" comes to light.  United States v. Dillon, 938 F.2d 1412, 1415 (lst Cir. 1991).  Medina, however, does not mention any new evidence that was unavailable at his earlier hearing.  To the contrary, he simply argues that he is incarcerated; is a life-long resident of Albuquerque; that he has a minimal criminal history; that he is neither dangerous, nor will he flee; that he intends to seek employment; and that he will comply with all conditions of release.

These are essentially the same arguments previously offered and rejected. Many courts have interpreted § 3142(f) strictly, holding that hearings should not be reopened if the evidence was earlier available. *See, e.g.*, United States v. Dillon (holding district court's refusal to reopen detention hearing not in error where information in affidavits and letters appellant sought to present was earlier available); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989)(affirming refusal to reopen hearing because proffered testimony was not "new" evidence, although remanding for consideration of defendant's due process claim).

In his present motion, Medina does seek halfway house placement. However, a co-defendant who was arrested on the same charges currently resides at La Pasada.[1]

Circumstances have not changed since the Court's initial hearing, and no new evidence is proffered to rebut the presumption under 18 U.S.C. § 3142.

IT IS THEREFORE ORDERED that Medina's motion for release is DENIED.[2] There is no need for an evidentiary presentation or oral argument.

_Lorenzo F. Garcia_

Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[1]Standard conditions of release preclude a defendant from having any contact with a co-defendant.

[2]This denial is consistent with Probation/Pretrial's recommendation that the motion be denied for the following reasons:  (1) lack of employment; (2) prior failures to appear in court; (3) outstanding arrest warrants; (4) use of other names and identifiers; (5) past poor performance under community supervision; (6) nature of the alleged offense; (7) significant/noteworthy arrest/conviction history; (8) ongoing/long-term involvement in similar history; and, (9) history of violence.